Defendant-appellant Richard Shepherd appeals an order denying his motion for a new trial and his petition for postconviction relief. This Court affirms.
 I.
On August 13, 1991, Shepherd, Robert Brown, and David Stonestreet went to the home of Michael Eckrich under the pretense of purchasing Eckrich's car. After Eckrich let the trio into his home, Brown began beating Eckrich with a shotgun. Shepherd and Stonestreet then tied Eckrich up and searched the house for valuables. Brown stabbed Eckrich through the chest with a kitchen knife prior to leaving the house. Eckrich did not survive.
Shepherd and Stonestreet were both juveniles at the time of the murder. Upon learning that the police wanted to talk to Shepherd and Stonestreet about the Eckrich murder, Shepherd's brother brought them to the police station. Shepherd and Stonestreet told the police that Brown had pointed the shotgun at them and had ordered them to help.
Brown fled the jurisdiction and was apprehended in Indiana a short time later.
Brown, Stonestreet, and Shepherd were all prosecuted for aggravated murder, aggravated robbery, and aggravated burglary. Brown pled guilty to lesser offenses in order to avoid the death penalty and provided the police with a videotaped statement allegedly implicating Shepherd and Stonestreet as willing accomplices. Shepherd and Stonestreet were tried together.
Brown was listed as a potential prosecution witness in the Shepherd/Stonestreet trial, but was never actually called to testify. However, the prosecution did call David Sheppard (no relation to Appellant) as a witness to implicate Shepherd and Stonestreet as willing accomplices. David testified that he and a friend had driven the trio to Eckrich's house that day and that the trio had discussed beating and robbing Eckrich:
 A. Okay. Richard said they was going to beat the guy up and tie him up and maybe steal a car and then cut him loose. Then Brown said as far as beating him up, robbing him and tying him up, that he had no intentions of cutting Eckrich loose.
 Q. Did he say what would happen if he didn't cut him loose?
 A. They said the'd [sic] leave him there to die and Stonestreet, all he said was he was going there to pick up a microwave oven that Eckrich stole from Stonestreet's mom.
David also testified that Shepherd had asked to be taken home so that he could change clothes before going to Eckrich's house because he did not want to get blood on the clothes that he was wearing.
On April 17, 1992, Shepherd was convicted of complicity to commit aggravated murder and complicity to commit aggravated robbery. On direct appeal, Shepherd's convictions were affirmed by this Court. State v. Shepherd (Feb. 17, 1993), Summit App. No. 15777, unreported.
On September 19, 1996, Shepherd filed the instant motion for a new trial and petition for postconviction relief. In support of the motion and petition, Shepherd attached two affidavits. The first affidavit was from a defense witness named Sandra Stahl. Stahl claimed that David Sheppard had admitted to her that he had never heard Shepherd say that the trio was going to beat and rob Eckrich and that he had never heard Shepherd say that he wanted to change his clothes in order to avoid getting blood on them. The second affidavit was from Brown. Brown claimed that he had attempted to recant his videotaped statement just prior to trial by informing the police and an assistant prosecutor that he would deny that Shepherd had willingly assisted him if he were called as a witness. On February 23, 1998, the trial court denied both of Shepherd's motions. Shepherd appeals.
 II.
Shepherd's first assignment of error challenges the denial of his motion for a new trial. Shepherd based his motion for a new trial on perjury, prosecutorial misconduct, and newly discovered evidence pursuant to Crim.R. 33(A)(2) and (6). Motions for a new trial brought under Crim.R. 33(A)(2) must be filed within fourteen days of the verdict, "unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial." Crim.R. 33(B). Motions brought under Crim.R. 33(A)(6) must be filed within one hundred twenty days of the verdict, unless "it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely." Crim.R. 33(B).
In the instant case, Shepherd clearly violated the fourteen-day and one hundred twenty-day time limits for filing. Shepherd was convicted on April 17, 1992, but did not file his motion until September 19, 1996, over four years later. Therefore, Shepherd was required to show by clear and convincing proof that he was unavoidably prevented from filing his motion and from discovering the new evidence. Shepherd fails in this regard.
The affidavit of Stahl states: "In the same year following Richard Shepherd's trial, I contacted State's witness David Sheppard to ask him why he testified as he did. He admitted that he lied about Richard Shepherd." As such, David Sheppard had allegedly admitted to committing perjury at least three years before Shepherd filed his motion for a new trial. Shepherd's only explanation for the three-year delay in filing the motion is that he "has been unavoidably prevented from gathering this evidence until recently because he is an indigent, incarcerated inmate, unable to pay for the post conviction [sic] investigation of his case." However, "[p]ro se litigants are bound by the same rules as those litigants who retain counsel and are not to be accorded greater rights." State v. Jiminez (Dec. 30, 1997), Columbiana App. No. 95-CO-69, unreported. Therefore, Shepherd's situation did not render the filing of a motion for a new trial "unavoidable."
The affidavit of Brown states: "I told the attorneys for Mr. Shepherd the same thing [that I had told the police and prosecutor] just before his trial, that I would not lie and that Richard Shepherd was not involved in Mr. Eckrich's death." As such, Shepherd's trial counsel had known prior to trial that Brown intended to recant his videotaped statement. Nevertheless, Shepherd argues that the information contained in the Brown affidavit was not discovered until just prior to the filing of the motion. Such an argument is clearly untenable in light of the fact that Brown had informed Shepherd's trial counsel of his willingness to testify favorably prior to trial.
Additionally, because the trial court never journalized an order finding that Shepherd was unavoidably prevented from filing his motion or from discovering the new evidence pursuant to Crim.R. 33(B), Shepherd's motion could have been dismissed as a nullity. State v. Morgan (Dec. 31, 1992), Cuyahoga App. No. 63666, unreported, citing State v. Kiraly (1977), 56 Ohio App.2d 37,51-52; City of Fairview Park v. Ricotta (Sept. 21, 1995), Cuyahoga App. No. 66850, unreported.
Shepherd's first assignment of error is not well taken.
 III.
In Shepherd's second assignment of error he challenges the denial of his petition for postconviction relief. Shepherd's petition for postconviction relief was based on a claim of ineffective assistance of counsel. Shepherd argues that his trial counsel was ineffective for failing to call Brown as a witness for the defense after learning that Brown had recanted his videotaped statement implicating Shepherd.
When a defendant alleges that his counsel was ineffective, he must prove that counsel's performance was deficient and that the deficiency was prejudicial to the defense. Strickland v.Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688,80 L.Ed.2d at 693. "[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. at 688, 80 L.Ed.2d 694. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689, 80 L.Ed.2d at 694.
Considering all the circumstances of the instant case, this Court cannot say that the conduct of Shepherd's trial counsel fell below an objective standard of reasonableness. If Shepherd's trial counsel had called Brown as a witness, the prosecution could have cross-examined Brown with his videotaped statement wherein he implicated Shepherd as a willing accomplice. Under these circumstances, it would have been reasonable for Shepherd's trial counsel to conclude that Brown's testimony would harm Shepherd's case more than it helped.
Shepherd's second assignment of error is not well taken.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
CACIOPPO, J. CONCURS.
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)